**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BAYER CORPORATION,<br><br>Defendant. | Civil Action No. 07-01(JLL)<br><br>**OPINION AND ORDER** |

| | |
|---|---|
| IN RE: BAYER PHILLIPS COLON HEALTH PROBIOTIC SALES PRACTICES LITIGATION | Civil Action No. 11-3017(JLL)<br><br>**OPINION AND ORDER** |

**LINARES,** District Judge.

This matter comes before the Court on Dino Rikos and Troy Yuncker's ("Plaintiffs") appeal of Magistrate Judge Dickson's May 7, 2015 Letter Order denying Plaintiffs' motion to modify the Discovery Confidentiality Orders in the above-referenced matters. The Court has considered the submissions of the parties and for good cause shown, Plaintiffs' appeal is denied.

A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Therefore, "this Court will review a magistrate judge's findings of fact for clear error." *Lithuanian*

*Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J.1997) (citing *Lo Bosco v. Kure Eng'g Ltd.*, 891 F.Supp. 1035, 1037 (D.N.J.1995)). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. *Bowen v. Parking Auth. of City of Camden*, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J.2000).

In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. *See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J.1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion"). "This deferential standard is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" *Lithuanian Commerce Corp.*, 177 F.R.D. at 214 (quoting *Pub. Interest Research Group v. Hercules, Inc.*, 830 F. Supp. 1525, 1547 (D.N.J.1993), *aff'd on other grounds and rev'd on other grounds*, 50 F.3d 1239 (3d Cir.1995)). However, a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir.1992); *Lo Bosco*, 891 F.Supp. at 1037. A ruling is "contrary to law" when the magistrate judge has misinterpreted or

misapplied the applicable law. *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F.Supp.2d 761, 764 (D.N.J.2000).

In his May 7, 2015 Letter Order, Magistrate Judge Dickson denied Plaintiffs' request to modify the Discovery Confidentiality Orders in the instant cases. Rather, Magistrate Judge Dickson determined that there was "no basis to compel Bayer to modify the Discovery Confidentiality Order nor to produce documents [to the Plaintiffs], regardless of relevance, privilege or other considerations, which it has produced to the Government," acknowledging that while "[t]he cases apparently overlap. . . [,] [they] are litigated under somewhat different legal standards." Judge Dickson further concluded that the requested modification "would effectively force Bayer to produce confidential or irrelevant information in this action merely because it has been produced in the Government's suit." Finally, Judge Dickson ordered the parties to meet and confer and "if the parties' meet and confer fails, Plaintiffs may seek an order compelling production of documents [to Plaintiffs] that they deem relevant in the instant matter." Plaintiffs claim that Judge Dickson decided a dispute that was not before him and did not decide the issue which was before him.

Judge Dickson's May 7, 2015 Letter Order appropriately required Plaintiffs to follow the normal discovery process of meeting and conferring before seeking relief from the Court. If there are outstanding discovery matters in this case, Plaintiffs are directed to meet and confer with Bayer before seeking relief from the Court. Judge Dickson also was correct in finding that granting the request to modify the Discovery Confidentiality Orders would "effectively force Bayer to produce confidential or irrelevant information" even if it was technically Plaintiff turning over the information because, as Judge Dickson so aptly pointed out, these are separate cases, filed at different times, involving different claims, different legal standards and different

3

discovery requests. The Court therefore finds that Plaintiffs have failed to demonstrate that Magistrate Judge Dickson committed a clear error or reached a decision contrary to law, and his May 7, 2015 Letter Order will be affirmed.

Accordingly, **IT IS** on this ___8th___ **day of June, 2015**,

**ORDERED** that Plaintiffs' appeal of Magistrate Judge Dickson's May 7, 2015 Letter Order is **DENIED**.

**IT IS SO ORDERED**.

_____
JOSE L. LINARES
U.S. DISTRICT JUDGE